UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Brandon G. Adams,<br><br>        Plaintiff<br><br>v.<br><br>Judge Richard F Boulware II, et al.,<br><br>        Defendants | Case No.: 2:22-cv-01234-CDS-MDC<br><br>**Order Declaring Plaintiff a Vexatious Litigant and Imposing a Prefiling Injunction and Dismissing Case** |

On August 5, 2022, this court issued an order requiring plaintiff Brandon Adams to show cause as to why he should not be declared a vexatious litigant and subject to a permanent pre-filing injunction. ECF No. 6. Adams filed a timely response. ECF No. 17. However, his response was nonresponsive to the show-cause order. Indeed, Adams failed to provide sufficient justification for his continuous filing of new, often duplicative, actions, all while failing to comply with numerous court orders related to each already-pending action. Thus, considering the record in this case, and the voluminous record in numerous other cases that Adams has filed in this district—both before and after the show cause order issued—I believe it is appropriate to impose restrictions on Adams' ability to initiate cases in this district without first obtaining prior court approval. Thus, I dismiss this complaint with prejudice and enter a vexatious litigant order.

I.    **Legal Standard**

Federal district courts enjoy inherent authority to issue writs—including prefiling orders—to prevent vexatious litigants from filing frivolous lawsuits and abusing the judicial process. *Moy v. United States*, 906 F.2d 467, 469 (9th Cir. 1990); *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (citing 28 U.S.C. § 1651(a)). Prefiling orders are an extreme remedy and should be granted only "after a cautious review of the pertinent circumstances." *Molski*, 500 F.3d at 1057. Before entering a prefiling order, the district court must provide notice and an

opportunity to be heard to the party against whom the order is sought. *Id.* If the court imposes a prefiling order, it must set forth which cases and motions support its conclusion that the party's filings are so numerous or abusive that the party should be enjoined, make substantive findings as to the frivolous or harassing nature of the litigant's actions, and narrowly tailor the order to "fit the specific vice encountered." *Id.* (quoting *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990)).

District courts considering imposing a pre-filing order on a vexatious litigant should consider four factors. *Id.* The first two requirements, "(1) notice and an opportunity to be heard and (2) the creation of an adequate record, are procedural considerations—that is, the factors define '[a] specific method or course of action' that district courts should use to assess whether to declare a party a vexatious litigant and enter a pre-filing order." *Id.* at 1057–58 (quoting BLACK'S LAW DICTIONARY 1241 (8th ed. 2004)). The latter two factors, requiring "(3) findings of frivolousness or harassment and (4) that the order be narrowly tailored to prevent the litigant's abusive behavior, are substantive considerations—that is, the factors help the district court define who is, in fact, a vexatious litigant." *Id.* at 1058. Those factors allow a district court to "construct a remedy that will stop the litigant's abusive behavior while not unduly infringing the litigant's right to access the courts." *Id.*

II.   Analysis

A review of the record demonstrates Adams' continuous abuse of the judicial process by filing meritless and repetitive actions. Having read the complaints in each action and after considering the five-factor balancing tests prescribed by *De Long* and *Safir*, I find Adams' litigation substantively frivolous and harassing. *De Long*, 912 F.2d at 1148; *Safir v. United States Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986). Thus, a narrowly tailored order prohibiting Adams from bringing additional suits in this district is appropriate.

### A. Notice and opportunity to be heard

A district court may satisfy "the requirement of providing an opportunity to be heard by written submission rather than an oral or evidentiary hearing." *Windsor v. Boushie*, 677 F. App'x 311, 312 (9th Cir. 2017). Here, on August 5, 2022, Adams was warned that he was at risk of being declared a vexatious litigant, thus putting him on notice. ECF No. 6. Adams received another warning on March 26, 2024. ECF No. 40. I gave Adams an opportunity to be heard and to oppose any restrictions before their imposition. ECF No. 6. Adams filed a timely response (ECF No. 17); however, as noted above, the content was nonresponsive. Instead, his response included: an appeal and email to the Ninth Circuit; cites to electronic filings in this case with miscellaneous handwritten notes; a document titled "Violation Warning"; an affidavit demanding the recusal of now-retired Magistrate Judge Cam Ferenbach and the disqualification of several district judges and magistrate judges; and a list of codes and case citations without any analysis or explanation as to how they are relevant to the show-cause order. *See generally id.* Adams also filed two affidavits, which are equally nonresponsive and include similar lists of case citations with no analysis. *See generally* ECF Nos. 15; 16. The notice and opportunity to be heard requirement is satisfied.

### B. Adequate record for review

On March 26, 2024, Adams was ordered to either pay the filing fee in full or file the long form *in forma pauperis* (IFP) application on or before April 9, 2024. ECF No. 40. In that order, Adams was cautioned that failure to comply may result in dismissal of this case. *Id.* at 2. Adams was also ordered not to file any additional documents into this, and six additional cases, until he had complied with paying the filing fee or completing the IFP application. *Id.* Adams disregarded that order[1] and filed over 60 miscellaneous documents in the instant case. *See* ECF Nos. 41–58. Magistrate Judge Couvillier issued orders advising Adams that his filings were a violation of the

---

[1] Adams also disregarded this order in the other six cases. *See* 2:23-cv-01923-CDS-MDC; 2:24-cv-00216-CDS-MDC; 2:24-cv-00219-CDS-MDC; 2:24-cv-00220-CDS-MDC; 2:24-cv-00282-CDS-MDC; and 2:24-cv-00392-CDS-MDC.

local rules and/or his order. *Id.* To date, Adams has not complied with Judge Couvillier's order to pay the filing fee or to complete an IFP application.

Further, I consider the number of cases Adams has filed. Based on an analysis of the court's records, Adams initiated 21 pro se lawsuits in the U.S. District Court for the District of Nevada between 2020 and 2022. Although pure volume alone cannot suffice to deem a litigant vexatious, the number of cases filed is a factor indicating a party's motive to harass. *Moy*, 906 F.2d at 470 ("The plaintiff's claims must not only be numerous, but also be patently without merit."). A review of the claims themselves indicates that Adams files frivolous and meritless matters against entities, persons, or both, that do not state a claim upon which relief can be granted. *See Adams v. Raghnal, et al.*, 2:20-cv-01982-KJD-DJA (challenging his family court case and events that occurred in New Jersey); *Adams v. Middlesex County, et al.*, 2:20-cv-02112-RFB-BNW (disputing his child support obligations under New Jersey law); *Adams v. Adams, et al.*, 2:21-cv-00503-JAD-NJK (challenging his state-court-ordered obligation to pay child support); *Adams v. Brown, et al.*, 2:21-cv-00979-GMN-BNW (alleging his Fifth and Fourteenth Amendment rights were violated as a result of the actions of individuals involved in his divorce case in New Jersey); *Adams v. Burton, et al.*, 2:22-cv-00076-APG-VCF (seeking intervention to reverse or amend the state court's rulings regarding his children's dental records); *Adams v. Ferenbach, et al.*, 2:22-cv-00283-RFB-CSD (seeking orders by district judges be dismissed/vacated for "fraud upon the court");[2] *Adams v. Nevada Department of Motor Vehicles, et al.*, 2:22-cv-01152-RFB-DJA (claiming due process and Fourteenth Amendment violations by Nevada Department of Motor Vehicles for suspending his license); *Adams v. Ally Bank, et al.*, 2:22-cv-02173-CDS-MDC (alleging Ally Auto has been fraudulently charging him and related allegations); and the instant action, *Adams v. Boulware II, et al.*, 2:22-cv-01234-CDS-MDC (asserting three district judges and a magistrate

---

[2] Adams filed this despite United States District Judge Richard F. Boulware's caution to Adams that if he persisted in filing lawsuits where the court lacked jurisdiction, the defendants were immune from suit, or Adams failed to state a claim or included frivolous claims, he would be declared a vexatious litigant (2:22-cv-00283-RFB-CSD, ECF No. 46 at 2).

judge violated his Seventh Amendment rights by dismissing cases). Since issuing the show-cause order in this case, Adams has filed twelve new actions: *Adams v. Speedy Recovery Inc.*, 2:23-cv-00251-GMN-BNW[3] (alleging Speedy Recovery unlawfully towed his vehicle); *Adams v. Callo*, et al., 2:23-cv-00275-CDS-MDC (claiming "fraud upon the court" against court clerks for alleging not filing certain documents); *Adams v. Roush-Wallace*, et al., 2:23-cv-00446-JAD-EJY (alleging court clerks violated his constitutional rights); *Adams v. Equifax*, 2:23-cv-00506-APG-EJY[4] (claiming due process violations and complaints against various individuals for objections to items on his credit report); *Adams v. Dwyer*, 2:23-cv-00572-JAD-EJY[5] (suit against Supreme Court of Nevada's Clerk of Court Molly C. Dwyer based on indiscernible allegations); *Adams v. Brown*, et al., 2:23-cv-01923-CDS-MDC (alleging fraud by court clerks, asking the court to remove certain items from his credit report and to vacate dismissal in 2:23-cv-00506); *Adams v. CT*, et al., 2:24-cv-00216-CDS-MDC (alleging court clerks failed to file documents); *Adams v. CT*, et al., 2:24-cv-00218-CDS-MDC (alleging "fraud upon court"); *Adams v. CT*, et al., 2:24-cv-00219-CDS-MDC (alleging "fraud upon court"); *Adams v. CT*, et al., 2:24-cv-00220-CDS-MDC (alleging court clerks failed to file documents); *Adams v. Garci*, 2:24-cv-00282-CDS-MDC (alleging "obstruction of accessing documents," and seeking "relief" and "remov[al] [of] block off PACER account"); and *Adams v. PACER Service Center*, et al., 2:24-cv-00392-CDS-MDC (same). In total, all 21 cases either have been dismissed, or dismissal is currently recommended for failing to follow court orders.[6]

---

[3] This case was dismissed for lack of subject matter jurisdiction. The court notes that Adams continued to file documents into this action even after it was dismissed, which in turn have required a response from the clerk's office. *See* 2:23-cv-00251-GMN-BNW, ECF Nos. 31–47.

[4] This case has since been dismissed for failing to file a timely amended complaint. 2:23-cv-00506-APG-EJY, ECF No. 16. Again, the court notes that Adams continued to file documents into this action even after it was dismissed, which in turn have required a response from the clerk's office. *See* ECF Nos. 18–45.

[5] This case has since been dismissed for failing to state a plausible claim for relief. 2:23-cv-00572-JAD-EJY, ECF No. 9. Adams has also filed numerous dockets into this action after it was closed. *See* ECF Nos. 10–24.

[6] Magistrate Judge Maximiliano D. Couvillier issued an omnibus report and recommendation that case numbers 2:23-cv-01923-CDS-MDC; 2:24-cv-00216-CDS-MDC; 2:24-cv-00219-CDS-MDC; 2:24-cv-00220-CDS-MDC; 2:24-cv-00282-CDS-MDC; and 2:24-cv-00392-CDS-MDC be dismissed for failing to comply with the order requiring Adams to either file a long-form IFP or pay the full filing fee. *See, e.g.*, 2:24-cv-00219-CDS-MDC, ECF No. 8.

### C. Frivolous or harassing nature of plaintiff's litigation

This circuit has adopted a five-factor standard which "provides a helpful framework" for determining whether the plaintiff's litigation has been frivolous or harassing. *Molski*, 500 F.3d at 1058 (citing *Safir*, 792 F.2d at 24). That standard includes: (1) "the litigant's history of litigation and in particular whether it entailed vexatious, harassing, or duplicative suits"; (2) "the litigant's motive in pursuing the litigation" and "whether the litigant had a good faith expectation of prevailing"; (3) "whether the litigant is represented by counsel"; (4) "whether the litigant has caused unnecessary expense to the parties or placed a needless burden on the courts"; and (5) "whether other sanctions would be adequate to protect the courts and other parties." *Safir*, 792 F.2d at 24. Here, all five factors weigh in favor of a finding of frivolousness and harassment.

#### 1. *History of litigation*

There is much similarity between many of Adams' complaints. The majority of Adams' claims center around the divorce or child custody proceedings in New Jersey. However, over time, Adams has expanded against whom he brings claims, from judges to court clerks, financial institutions, and the court's electronic case management system (Pacer). Recently, he has begun to bring duplicative suits, alleging identical claims, which is a hallmark of a vexatious litigant. *Compare* 2:23-cv-00275-CDS-MDC (claiming "fraud upon the court" against court clerks for alleging not filing certain documents) *with* 2:24-cv-00216-CDS-MDC (alleging court clerks failed to file certain documents); *see also* 2:24-cv-00282-CDS-MDC (alleging "obstruction of accessing documents," and seeking "relief" and "remov[al] [of] block off PACER account"); 2:24-cv-00392-CDS-MDC (same). The duplicative nature of Adams' suits, together with his failure to comply with court orders after initiating them, demonstrates that they are brought frivolously and/or are meant to harass.

Turning to the instant matter, Adams has made *ad hominem* allegations against district and magistrate judges who dismissed his previous claims or cautioned Adams regarding his repetitive filings. Adams' complaint does not make any rational argument in law or fact entitling

him to relief. *See generally* ECF No. 1-1. The endless litigation initiated by Adams repeatedly suing immune entities, or against individuals with no possibility of prevailing on any of the claims he asserts, together with his repetitive failure to comply with court orders warranting countless responses from the court, is a waste of judicial resources. Like many of his other cases, Adams has failed in the instant case to either pay the filing fee or complete the *in forma pauperis* application as ordered, which is yet another waste of limited judicial resources.

Adams has brought numerous cases, in both federal and state courts, all of which were adversely decided. *See e.g.*, *Adams v. Transunion Consumer Sols.*, 2023 U.S. Dist. LEXIS 112116 (E.D. Pa. June 29, 2023) (dismissed as frivolous); *Adams v. Clement*, 2024 U.S. Dist. LEXIS 21896 (S.D. Mich 2024) (dismissed for filing action without a valid signature on his complaint); *Adams v. NA. Vient*, 2024 Nev. Unpub. LEXIS 37 (denial of writ of mandamus and damages). Adams has also brought fruitless appeals before the Ninth Circuit Court of Appeals, *Adams v. USDC-NVL*, 22-70050; *Adams v. USDC-NVL*, 22-70060; *Adams v. Callo, et al.*, 24-1657; *Adams v. United States Dist. Court for the Dist. of Nev.*, 2022 U.S. App. LEXIS 10541; *In re Adams*, 2022 U.S. App. LEXIS 10661; and *Adams v. United States Dist. Ct. for the Dist. of Nev.*, 2024 U.S. App. LEXIS 8269.

Adams' litigation history is extensive—and frivolous—occurring in federal, state, and appellate courts. Having already established an adequate record for review, this also shows that Adams' "activities were numerous [and] abusive." *DeLong*, 912 F.2d at 1147. Thus, the first factor of the *Safir* test weighs in favor of a finding of vexatiousness and harassment.

### 2. Litigant's motive

As to the second *Safir* factor, Adams' motives in pursuing the myriad litigation and his expectations of prevailing are unclear to this court. He has failed to file *in forma pauperis* applications in almost every suit he has brought and has failed to file objections or otherwise respond to reports and recommendations that his cases be dismissed. This court has given Adams every benefit of the doubt for more than three years now. But Adams neither complies with court orders, nor heeds the warning that continuing to engage in harassing or vexatious

litigation tactics could result in consequences, such as the entry of a pre-filing order. *See generally* Show Cause Order, ECF No. 6 (requiring Adams to show cause as to why a pre-filing order should not be entered against him and explaining what a pre-filing order is). Adams cannot reasonably expect to prevail in any of his suits. While his motives remain unclear, the second *Safir* factor has been met.[7]

### 3. Whether the litigant is represented by counsel

Adams is a pro se litigant in this case, and in the 20 others he has initiated in this district. Generally, courts are protective of pro se litigants' fundamental right to access the court. *De Long*, 912 F.2d at 1147 ("[W]e also recognize that such pre-filing orders should rarely be filed."). However, I find that this factor does not outweigh Adams' frivolous and abusive litigation tactics. A court is not to sit idly by in the face of a litigant who exhibits a pattern of abusive or frivolous litigation. *Reddy v. MedQuist, Inc.*, 2012 WL 6020010, at *8 (N.D. Cal. Dec. 3, 2012) ("[C]ourts are entitled to enjoin pro se litigants with 'abusive and lengthy' litigation histories.") (citing *De Long*, 912 F.2d at 1147).

### 4. Burden to the courts, their personnel, and unnecessary delay to the court

As to the fourth factor, Adams has indeed caused unnecessary expense to the parties and placed a needless burden on the courts. Adams' suits are accompanied by a deluge of "notices" containing Color of Law violation warnings, judicial opinions, email submissions, certified mail receipts, statutory text, child support delinquency notices, and "affidavits" containing demands, allegations of new facts, or requesting miscellaneous relief, all of which are immaterial and have no bearing on the controversies before the court. *See, e.g.*, *Adams v. Boulware II*, et al., 2:22-cv-01234-CDS-MDC, ECF No. 5 (81-page document which includes numerous "affidavits" which were duplicative of affidavits filed in Adams' other frivolous lawsuits); *Adams v. Ferenbach, et al.*, 2:22-cv-00283-RFB-CSD, ECF Nos. 2; 5; 8–9; 13–14; 22; 25; 27; 30; 36; 38; 50–51; 54; and 62; *Adams v. Roush-Wallace*, et al., 2:23-cv-00446-JAD-EJY, ECF Nos. 5–6; 10; 13; 16–17; 19–23; 26; 28–29; and

---

[7] I note that I give the least weight to this *Safir* factor.

36–46; *Adams v. Brown*, et al., 2:23-cv-001923-CDS-MDC, ECF Nos. 3–15; 17–39; 41–45; 47–51; 53–55; 57–66; and 68–74. Adams persists in improperly filing documents, despite repeated warnings from the court for almost four years. These endless, repetitive filings cause needless expense and pose an extraordinary, unnecessary burden, not just on the courts, but on their personnel.

This court is duty-bound to read through each filing that comes before it. However, the magistrate judges of this district and clerks of the court often handle the important minutiae of ensuring that pro se filings conform with the federal and local rules. They are burdened by Adams' numerous cases, and the voluminous filings that accompany each, almost all of which he never intends to further prosecute. Adams has not shown any regard for the court's instructions as he has ignored multiple explicit instructions to abide by the local rules and refiles the same claims against defendants immune from suit. This causes needless expenses and poses an extraordinary, unnecessary burden on the court and its staff. Accordingly, this factor also weighs in favor of a finding of vexatiousness.

### 5. Breadth of the order

The fifth *Safir* factor also supports a pre-filing order. Neither warnings nor court orders deter Adams. Because Adams has repeatedly failed to comply with the court's instructions, monetary sanctions are unlikely to deter him from filing future frivolous actions. Any pre-filing order must be narrowly tailored to the specific abusive practice at issue "to prevent infringement on the litigator's right of access to the courts." *De Long*, 912 F.2d at 1148 (internal quotation marks omitted). The court does not take lightly its inherent power to issue a pre-filing order. However, it appears that no other sanction would adequately protect the parties or the judicial system. I find a pre-filing restriction, drawn as narrowly as possible, is the only way to curtail Adams' behavior without unduly infringing upon his right of access to this court.

Upon consideration of these factors and the Ninth Circuit's five-factor test in *De Long*, I find a pre-filing vexatious litigant order is warranted and appropriate.

### D. Narrowly tailored order

A pre-filing order "must be narrowly tailored to closely fit the specific vice encountered." *Molski*, 500 F.3d at 1059. Here, the specific vices encountered are Adams' continued filing of pleadings that fail to conform with the local rules of this district, Adams' habitual refusal to amend or correct those pleadings upon notice, and Adams' abandonment of litigation in each case. However, a "pre-filing order likely is overbroad if it prevents the litigant from filing any suit in the Court or applies to a suit against anyone when the record showed plaintiff was litigious with respect to only one group of defendants." *Ortiz v. Cox*, 759 F. Supp. 2d 1258, 1263 (D. Nev. 2011) (citing *Molski*, 500 F.3d at 1061).

Consequently, I must tailor an order narrower than a general restriction upon Adams from filing suit. Instead, a prohibition against Adams initiating an action pro se without first obtaining leave of court should serve to protect Adams' right of access to the courts while also maintaining the efficacy of the judicial branch. Adams may, of course, still seek permission from the Chief Judge of this District when he seeks to bring suit as a pro se litigant. He may also, with counsel, initiate litigation in this district without seeking leave. Practicing attorneys in the State of Nevada must follow rules of ethics that require them to bring proceedings only if "there is a basis in law and fact for doing so that is not frivolous." Nev. R. Prof. Cond. 3.1. Adams' non-frivolous claims in the future will thus still have access to the courts, whether he is represented by counsel and can file immediately or is proceeding pro se and required to file **after** obtaining leave from the Chief Judge of this District. The Clerk of this Court shall not accept any further complaints filed by Adams or on behalf of Adams until that complaint has first been reviewed by the Chief Judge and is approved for filing.

### III. Conclusion

I find that Adams' repeated waste of court time and resources impedes the adjudication of other pending matters. Accordingly:

IT IS HEREBY ORDERED that Brandon Adams (aka Brandon G. Adams or Brandon Gerard Adams) is a vexatious litigant and therefore enjoined and prohibited under 28 U.S.C. § 1651(a) from filing **any** complaint, petition, or other document in the United States District Court for the District of Nevada that relates to initiating new litigation as a pro se litigant without first obtaining pre-filing permission from the Chief Judge of this District.

IT IS FURTHER ORDERED that if Adams intends to file any pleadings or papers with this court that relate in any way to initiating new litigation as a pro se litigant, he must first comply with the following instructions:

1. Adams must apply to the Chief Judge of this District for leave to file the initiating documents by submitting to the clerk's office an application bearing the title "Application to Chief District Judge Seeking Leave to File", which must be supported by a declaration from Adams, made under penalty of perjury, stating that (1) the matters asserted in the new complaint or papers have never been raised and disposed of on their merits by any court; (2) the claim or claims are not frivolous or made in bad faith; and (3) he has conducted a reasonable investigation of the facts and such investigation supports the claim or claims; and
2. Adams must attach a copy of this order to any such application.

Failure to comply with this order will constitute sufficient grounds for denial of Adams' application.

IT IS FURTHER ORDERED that Adams' complaint [ECF No. 1-1] is dismissed with prejudice.

IT IS FURTHER ORDERED that the Clerk of Court is authorized to reject, refuse to file, and discard any new complaint, petition, or document in any now-closed case, or any other litigation-initiating documents submitted pro se without prior compliance with this order.

The Clerk of Court is kindly instructed to close this case.

Dated: April 30, 2024

_____
Cristina D. Silva
United States District Judge